**STAGER, Appellant, v. BOARD OF LIQUOR CONTROL, Appellee.**

Common Pleas Court, Franklin County.

No. 204884. Decided February 3, 1960.

Paul F. Ward, for appellant.

Mark McElroy, Atty. Genl., Richard F. Swope, Asst. Atty. Genl., for appellee.

**OPINION**

By GESSAMAN, J.

The appellant filed his application for a D-2 and a D-3 permit for his place of business in Troy, Ohio. The application was denied by the Director of the Department of Liquor Control and the Board of Liquor Control. The order of the Board reads as follows:

"This cause coming on for hearing on an appeal of Roscoe Stager, 125-127 S. Market Street, Troy, Ohio, from an order of the Director of Liquor Control rejecting an application for Classes D-2 and D-3 permits, was submitted to the Board of Liquor Control on the evidence, and on consideration thereof said Board finds that the authorities in control of the First Congregational Christian Church, the Trinity Episcopal Church, the First Presbyterian Church, and the First Methodist Church, each of which churches is situated within five hundred feet of the premises for which the permits applied for herein are sought,

objected to the issuance of the said permits, and the Board finds from the evidence that the objections are well taken and that therefore the application for said Classes D-2 and D-3 permits should be rejected. It is therefore ordered that the within appeal be, and the same hereby is, dismissed."

At the request of counsel for the appellant, this Court has withheld a decision pending the decision of the Supreme Court in the case of **Corwin et al, v. Board of Liquor Control.** That case was decided on January 27, 1960, and is reported at **170 Oh St 304.** Syllabi 2 and 3 are as follows:

"2. The Director of Liquor Control has wide discretion in determining whether to issue a permit for premises located within 500 feet of a church, school, library or playground, and his decision will not be disturbed on review if supported by reliable, probative and substantial evidence.

"3. A naked objection by the authorities in control of a church, school, library or playground within 500 feet of proposed permit premises to the issuance of the permit does not, of itself, constitute reliable, probative, or substantial evidence to support the denial of the permit."

To understand what the Court means by a "naked objection," reference should be had to the following language found at pages 309 and 310 of the opinion:

"What is the evidence which was considered by the director in this case? The record clearly shows that the only evidence presented to the board, and thus presumably the only evidence presented to the director, that would militate against the issuance of the permit was that presented on behalf of the church. The objections of the church, succinctly stated, are as follows:

"(1) 'We are strictly against, for moral purposes * * * all traffic in intoxicating liquor.'

"(2) 'We have in excess of $250,000 in property' and 'it isn't the proper thing, to have a saloon, or liquor spot, right so close to the church.'

"(3) Part of a building on a separate lot (more than 500 feet from the restaurant) formerly used by the church is to be used as a schoolroom. The third objection is, of course, immaterial here, because of the distance involved.

"The reference by the minister to the value of the property was for the purpose of showing that he 'felt' the property would depreciate in value because 'we have put a lot more than just dollars into it and we are wanting to protect it.' The evidence of all the other witnesses, one of them a real estate broker, is to the effect that the issuing of this additional permit would have no effect at all on the value of the church property.

"Giving these objections of the church the most liberal construction, they amount only to a statement that the church objects to the sale of intoxicants, and that it is not 'proper' to have a liquor establishment so close to the church. As we have indicated, such objection is not sufficient, in itself, to provide the quantum of evidence required to support the denial by the director of the requested permit."

With these rules in mind, the evidence in the instant case must be carefully examined. In the Corwin case, supra, there was a 'naked objection' by the representative of one church. In the instant case the evidence discloses that there are seven churches within a radius of five hundred feet of the appellant's place of business. (He has operated a restaurant for twenty-six and one-half years.) A representative of each of four of the churches appeared at the hearing before the Board of Liquor Control. Of these, Rev. Charles D. Reed, Pastor of the First Methodist Church, objected to the issuance of the permit for the reason that his church is opposed to the use of alcoholic beverages. This was one of the objections made by Rev. Arthur Decker, Pastor of the First Congregational Christian Church. This is the type of objection which has been classed as a "naked objection" by the Supreme Court.

The other objections are as follows: By Rev. Decker, that the issuance of the permit would be detrimental to the church because the members, many of whom are young people, would have to pass a liquor establishment, while open for business, in going to and from the church for various functions. By Rev. George Workman, Director of Trinity Episcopal Church, that it would put their members "in the immediate neighborhood of persons who were indulging in alcoholic beverages, exclusively." By Rev. Alexander T. Coyle, Pastor of the First Presbyterian Church, that the City of Troy already had enough establishments and the issuance of any more permits "would not add to the community life; it would not benefit the community; that it would be a detriment to churches closer to the establishment than mine, * * *." Are these "naked objections" or are they clothed objections? No definite yard stick has been provided for determining when we get beyond the area of a "naked objection."

Under both the Corwin case, supra, and the case of **Andrews v. Board of Liquor Control, 164 Oh St 275,** it is the duty of this court to "appraise all * * * evidence as to the credibility of witnesses, the probative character of the evidence and the weight to be given it. * * *" From "such a consideration" the court shall determine whether the order of the Board is or is not supported by reliable, probative and substantial evidence and is or is not in accordance with law. In the instant case the problem is to determine whether the objections are mere "naked objections." If the court finds that the objections are "naked," then the order is not supported by reliable, probative and substantial evidence. On the other hand, if, following the considerations enumerated in the Andrews case, supra, the Court finds that the objections are not "naked" but rather are clothed, then the Court must find that the order of the Board is supported by reliable, probative and substantial evidence.

In our opinion, there is much more to the objections from the four ministers in the instant case than "that the church objects to the sale of intoxicants, and that it is not 'proper' to have a liquor establishment so close to the church." There is the objections that the presence of a liquor establishment in this location would be a bad influence on the young people of the church; that it would be detrimental to the churches;

that it would not add to or benefit the community and last, but not least, that "Troy has enough establishments of this sort." These, in our opinion, are not "naked objections." They not only convey to the Board the objection of the organization but the reasons for the objection. Our analysis of the opinion of the Corwin case is that if the objector goes further than merely saying "We object because we object to the sale of alcoholic beverages," and clothes the objection with a substantial reason, then the objection can not be classed as naked and it fails in the category of reliable, probative and substantial evidence. That constitutes support for the Board's order.

Our conclusion is, therefore, that the order of the Board of Liquor Control is supported by reliable, probative and substantial evidence and is in accordance with law. The order is therefore affirmed.